HOWARD & HOWARD ATTORNEYS, PLLC
James A. Kohl, Nevada Bar No. 5692
Robert Hernquist, Nevada Bar No. 10616
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, Nevada 89169
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
jak@h2law.com
rwh@h2law.com

*Attorneys for Defendant United Federal Credit Union*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TONYA GUNTER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED FEDERAL CREDIT UNION, DOES 1-5 inclusive and ROE CORPORATIONS 6-10 inclusive,<br><br>Defendants. | CASE NO. 3:15-CV-00483-MMD-(WGC) |

### STIPULATED PROTECTIVE ORDER

Plaintiff Tonya Gunter ("Gunter") and defendant United Federal Credit Union ("United") (United and Gunter are collectively referred to as "the Parties") by and through their respective counsel of record, stipulate for the Court to enter a protective order to protect the confidentiality of documents and information that the Parties produce, receive or acquire during discovery in this lawsuit and the Court is otherwise fully advised in the premises.

IT IS HEREBY ORDERED as follows:

1. This Order shall govern all documents, all electronic files, media, testimony, and any other materials or information produced by any party or non-party in response to any method of discovery conducted by any party under the United States District Court, District of Nevada Rules or the court

rules of any foreign jurisdiction in which discovery is lawfully conducted in connection with this matter (collectively, "Confidential Discovery"). This Order shall not apply to information contained in any Confidential Discovery if that same information is already a matter of public record.  Nothing in this agreement is intended to confer confidential status on documents which are not entitled to such protection under applicable law.

2. Any Confidential Discovery produced by any party or by any non-party (the "Producing Party") to any other party (the "Discovering Party") shall be used or disclosed by the Discovering Party only for purposes of prosecuting or defending this lawsuit and for no other purpose.

3. Any Producing Party may designate Confidential Discovery as "CONFIDENTIAL" if it contains or constitutes personal financial information, confidential business, proprietary or commercial information, or personal identification information such as Social Security Numbers.  Each party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A designating party must carefully designate as "CONFIDENTIAL" only those parts of material, documents, items, or oral or written communications that are "CONFIDENTIAL," keeping such other portions for which protection is not warranted outside of the provisions of this Order.  A party may not mark any Confidential Discovery or deposition testimony as "CONFIDENTIAL" if that same information was (i) in the possession of the Discovering Party under no obligations to keep such information confidential, prior to its receipt from the Producing Party or (ii) is generally available to the public other than as a result of a Discovering Party's violation of this Protective Order.  Parties may not indiscriminately mark items as "CONFIDENTIAL" such designations are prohibited by this Order.  If it comes to a party's attention that information or items that it designated for protection do not qualify for protection, that party must promptly notify all other parties that it is withdrawing the mistaken designation.Subject to paragraph 9 below, nothing in paragraphs 2 and 3 shall prevent the parties from using Confidential Discovery received in discovery, or the information contained therein, in any proceeding in this matter, including, but not limited to:

A.      Preparing for, taking, and/or transcribing discovery depositions;

B.      Motions, briefs, and pleadings;

C.      Argument before the Court;

D.      Mediation, facilitation or settlement conferences; and

E.      Trial or appeal.

4. The Discovering Party shall not directly or indirectly disclose or make available Confidential Discovery or the information contained therein, to any person, except:

A. Such employees, former employees and agents of the Discovering Party that are directly involved in prosecuting or defending this lawsuit;

B. Witnesses during the course of deposition or in-court testimony, but only if: (i) the deposition testimony regarding the Confidential Discovery has been marked as "CONFIDENTIAL" pursuant to this Order; and (ii) if the witness to whom a party intends to show or discuss Confidential Discovery appears from the face of the Material to be the author, recipient "if or otherwise had personal knowledge of the subject matter of the Confidential Discovery prior to the date of this Order;

C. Attorneys engaged or employed by the Discovering Party and the attorneys' paralegals and supporting staff;

D. Any expert witness engaged by the Discovering Party or its attorneys to assist in connection with this lawsuit;

E.      Any individual referenced in paragraphs 5(A), (B) and (D) shall agree to be bound by the terms of this Protective Order as a condition precedent to receiving any Confidential Discovery. Both the Discovering Party and individual shall be liable in the event any individual referenced in paragraphs 5(A), (B) and (D) violates this Order;

F. Any individual associated with the activities identified in paragraph 4 subject to paragraph 9 below.

5. The designation of "CONFIDENTIAL" shall be placed on Confidential Discovery in a manner which does not interfere with their legibility prior to producing copies of the Confidential Discovery.

Howard & Howard Attorneys, PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

Documents or things may be designated as "CONFIDENTIAL" by an appropriate marking that prominently displays the word "CONFIDENTIAL." If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s). The watermark or other marking of the word "Confidential" shall not cover up, overlap with, or otherwise obscure any unprotected portions. Producing Confidential Discovery for inspection without designating it as "CONFIDENTIAL" shall not be a waiver of the right to designate the materials as "CONFIDENTIAL" when copies are produced. Thereafter, all copies of Confidential Discovery must bear the same "CONFIDENTIAL" designation.

6. Deposition testimony may be designated as "CONFIDENTIAL" by notifying the other parties and the court reporter on the record during the deposition or by notifying the other parties, in writing and within fourteen days of receipt of the transcript, as to the portions of the transcript to be so designated. Until expiration of the fourteen-day period, the entire transcript shall be treated as "CONFIDENTIAL." The entire transcript shall be deemed non-confidential unless a party designates part or all of the record as "CONFIDENTIAL" within the fourteen-day period.

7. It may not be possible to stamp certain information as "CONFIDENTIAL," such as computer files or other media. With respect to this information, the Producing Party shall indicate in writing at the time of the production whether said materials are "CONFIDENTIAL."

8. If any document or deposition testimony designated as CONFIDENTIAL or any pleading containing "CONFIDENTIAL" information is filed with the Court, such document or pleading shall be filed under seal and shall display a heading on its first page in substantially the following form: "FILED UNDER SEAL - SUBJECT TO PROTECTIVE ORDER."

9. A party may object to the designation of particular Information as CONFIDENTIAL by giving written notice to the party designating the disputed Information. The written notice shall identify the Information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received which shall include a meet and confer pursuant to the Local Rules for this Court as explained in *Shuffle Master v. Progressive Games*, 170 F.R.D. 166 (D.Nev.

Howard & Howard Attorneys, PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

Howard & Howard Attorneys, PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

1996) and its progeny, it shall be the obligation of the party designating the Information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed Information should be subject to the terms of this Protective Order. If such a motion is filed within fifteen (15) business days after the date the parties fail to resolve the objection, the disputed Information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed Information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the Information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed Information to be treated as CONFIDENTIAL.

10.    At the conclusion of this matter, all Confidential Discovery, including copies, produced in discovery and in the possession of the Discovering Party or any other person to whom such documents were made available by the Discovering Party, shall be destroyed by the Discovering Party or returned to the Producing Party unless the parties reach agreement on other arrangements for the disposition of such Confidential Discovery.

11.    Nothing in this Order shall diminish or waive the attorney-client privilege, the attorney work product privilege, or other applicable protection from, or objection to, discovery, or any objection to admissibility at a hearing or trial.

12. The inadvertent or accidental disclosure of Confidential Discovery shall not be deemed a waiver in whole or in part of a claim of confidentiality either as to the specific discovery or information disclosed or information relating thereto or of the same or related subject matter. Upon the request of the Producing Party, any Discovery Material that is inadvertently or accidentally produced without being designated as "CONFIDENTIAL" shall promptly be stamped "CONFIDENTIAL" by the parties. The Discovering Party shall also use good faith efforts to arrange for the return or destruction of such documents or things from individuals to whom it may have distributed the documents or things but who were not authorized to receive "CONFIDENTIAL" documents under this Order.

**Howard & Howard Attorneys, PLLC**
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

13. This Order may be modified upon written stipulation of the parties, or by the Court upon motion of any party, for good cause shown, and nothing in this Order shall preclude any party from seeking or obtaining additional or different protection with respect to any discovery material which it believes is confidential.

14. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any other person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 4 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

15. Nothing herein shall be construed as limiting a Party's use of its own Confidential Information and such use shall not constitute a waiver of the terms of this Order or the status of such information as Confidential Information. Any of the parties can remove their designation of Confidential Information from any information it has previously so designated.

/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /
/ / / /

The provisions of this Order shall survive the conclusion of this case.

Dated this 10th day of May, 2016

_William G. Cobb_
Magistrate Judge Cobb

Respectfully submitted

**Howard & Howard Attorneys Pllc**

By: _/s/   James A. Kohl_
    James A. Kohl, NV Bar No. 5692
    Robert Hernquist, NV Bar No. 10616
    Attorneys for Defendant United
    Federal Credit Union

4848-1173-9951 v.1

**McCune Wright, LLP**

By: _/s/   Richard McCune_
    Richard McCune
    Admitted *pro hac vice*
    Attorneys for Plaintiff
    Tonya Gunter

Howard & Howard Attorneys, PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483