UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TONYA GUNTER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED FEDERAL CREDIT UNION, DOES 1-5 inclusive and ROE CORPORATIONS 6-10, inclusive,<br><br>Defendants. | Case No. 3:15-cv-00483-MMD-WGC<br><br>ORDER |

**I.   SUMMARY**

This is a class action regarding debit card overdraft fees. Before the Court is United Federal Credit Union's ("United") motion for partial summary judgment ("United's Motion") (ECF No. 99). Plaintiff Tonya Gunter filed a response (ECF No. 106),[1] and United filed a reply (ECF No. 116). Gunter filed a motion for leave to file a surreply ("Surreply Motion") (ECF No. 119) along with the proposed surreply (ECF No. 120). United opposed Gunter's Surreply Motion (ECF No. 124), and Gunter replied (ECF No. 125).

Additionally before the Court is Gunter's Report Regarding Proposed Class Notice and Notice Plan; Exhibits; Proposed Order ("Class Notice Motion") (ECF No. 98). United responded (ECF No. 105), and Gunter did not file a reply.

---

[1] Gunter filed a motion to seal a declaration attached to the response. (ECF No. 109.) United has not opposed the motion. Gunter has demonstrated good cause to support sealing and the Court will grant the motion. (*See* ECF No. 50.)

For the following reasons, the Court will grant Gunter's Surreply Motion, deny United's Motion, and deny Gunter's Class Notice Motion without prejudice.[2]

**II.    BACKGROUND**

Gunter has a checking account with United, a credit union. Gunter alleges that United charged her overdraft fees when she had sufficient funds in her checking account to cover the transactions. (ECF No. 64 at 7.) Although her "actual balance" was high enough to cover the transactions, her "available balance" was not. (*See id.* at 7-8.)

United authorizes overdrafts based on the "available balance" of accounts rather than "actual balance."[3] (*See* ECF No. 69 at 3.) Actual balance refers to the amount of all funds currently in a client's account. (*Id.*) Available balance refers to the actual balance less holds, such as debit holds. Debit holds occur when clients use a debit card like a credit card, i.e., by swiping it and signing a receipt. It usually takes a few days for these transactions to post and reduce the actual balance of an account. (*See id.*) In the meantime, the hold renders the amount of the transaction unavailable. The hold does not alter the actual balance. (*See id.*)

Gunter advances two claims. The first is that United's practice violates its contractual agreements with its clients. (ECF No. 64 at 8.) The Court certified the Positive Balance Class to prosecute this claim. (ECF No. 94 at 2, 17.)

The second is that United failed to adequately disclose its practice pursuant to Regulation E, a federal regulation implementing the Electronic Fund Transfer Act. (ECF No. 64 at 27.) Regulation E requires financial institutions to obtain affirmative consent from clients before authorizing overdrafts. Requirements for Overdraft Services, 12 C.F.R. § 1005.17 (2017). Regulation E also prescribes the form and contents of the disclosure financial institutions use to obtain affirmative consent. *Id.* Here, United's disclosure was contained in its opt-in agreement, and Gunter alleges that the opt-in agreement fails to

---

[2]Gunter filed a motion to strike United's Motion (ECF No. 108), to which United responded (ECF No. 117) and Gunter replied (ECF No. 118). The Court will deny Gunter's motion to strike as moot in light of this order.

[3]The parties also use the term "ledger balance" as a synonym for actual balance.

1  satisfy Regulation E's requirements. (ECF No. 64 at 27.) The Court certified the Regulation E Class to prosecute this claim. (ECF No. 94 at 3, 17.)

### III. GUNTER'S SURREPLY MOTION (ECF NO. 119)

Gunter argues that the Court should consider her surreply for two reasons: (1) United introduced new material evidence in its reply—a supplemental declaration of a corporate executive—to which Gunter did not have an opportunity to respond; and (2) United violated ABA Model Rule 3.3 by attaching the supplemental declaration. (ECF No. 119 at 2.) United responds that the surreply should not be considered because United did not raise new arguments or submit new material evidence in its reply. (ECF No. 124 at 2.)

"Courts in this district routinely interpret Local Rule 7-2 to allow filing of surreplies only by leave of court, 'and only to address new matters raised in a reply to which a party would otherwise be unable to respond.'" *FNBN-RESCON I LLC v. Ritter*, No. 2:11-CV-1867-JAD-VCF, 2014 WL 979930, at *6 (D. Nev. Mar. 12, 2014) (citation omitted). "Filing of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue." *Id.* (citation omitted).

The Court will consider the surreply because the supplemental declaration United attaches to its reply raises significant questions about the date of Gunter's most recent overdraft fee. The declaration attached to United's Motion states that Gunter's most recent overdraft fee was assessed on September 6, 2012. (ECF No. 99-1 at 2.) However, the declaration attached to United's reply states that Gunter's most recent overdraft fee was assessed on August 25, 2012 (and that that Gunter's overdraft privileges were revoked on September 5, 2012). (ECF No. 116-1 at 5-6.) Furthermore, Gunter testifies in a declaration attached to her surreply that her most recent overdraft fee was assessed on July 23, 2015. (ECF No. 121 at 2.)

Accordingly, the Court will grant Gunter's Surreply Motion.

///
///
///

## IV. UNITED'S MOTION (ECF NO. 99)

### A. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is material if it could affect the outcome of the suit under the governing law. *Id.*

Summary judgment is not appropriate when "reasonable minds could differ as to the import of the evidence." *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is [that which is] enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). Decisions granting or denying summary judgment are made in light of the purpose of summary judgment: "to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008). If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The nonmoving party "may not rely

on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . ." *Anderson*, 477 U.S. at 252.

### B.  DISCUSSION

United moves for partial summary judgment on Gunter's Regulation E claim on the ground that it is time-barred. (ECF No. 99 at 8.) In the alternative, United seeks an order narrowing the Regulation E class. (*Id.* at 11.) Gunter opposed United's motion on a number of grounds, including that the statute of limitations does not bar Gunter's claim. (*See* ECF No. 106 at 22-23.) The Court will not address Gunter's other arguments as this argument is dispositive, though the Court will address the parties' dispute regarding the scope of the class.

#### 1.  Statute of Limitations

"An action under Regulation E 'may be brought . . . within one year from the date of the occurrence of the violation.'" *Ramirez v. Baxter Credit Union*, No. 16-CV-03765-SI, 2017 WL 1064991, at *7 (N.D. Cal. Mar. 21, 2017) (quoting 15 U.S.C. § 1693m(g)). According to United, Gunter's cause of action accrued on August 19, 2010, when she was first charged an overdraft fee allegedly in violation of the EFTA. (ECF No. 99 at 10.) Although she was charged additional overdraft fees later, those subsequent overdraft fees did not restart the clock in United's view because Gunter's claim stems from a single wrongful omission by United—the failure to provide proper notice under Regulation E. (*See* ECF No. 116 at 6 (citing *Whittington v. Mobiloil Fed. Credit Union*, No. 1:16-CV-482, 2017 WL 6988193, at *13 (E.D. Tex. Sept. 14, 2017)).) United cites several cases, including some within the Ninth Circuit, in support of its position. (*Id.* at 5-6 (citing, for

///

example, *Camacho v. JPMorgan Chase Bank*, No. 5:14-CV-04048-EJD, 2015 WL 5262022, at *4 (N.D. Cal. Sept. 9, 2015)).)

According to Gunter, each subsequent overdraft fee constitutes an independently actionable event, the last of which occurred on July 23, 2015. (*See* ECF No. 106 at 22-23; ECF No. 120 at 4.) In Gunter's view, each subsequent overdraft fee is independently actionable because "each fee requires a calculation on the part of [United] that a fee should issue." (ECF No. 106 at 23.)

In support of her position, Gunter cites to *Diviacchi v. Affinion Grp., Inc.*, No. CIV.A. 14-10283-IT, 2015 WL 3631605, at *5 (D. Mass. Mar. 11, 2015), *report and recommendation adopted*, No. 14-CV-10283-IT, 2015 WL 3633522 (D. Mass. June 4, 2015). (ECF No. 106 at 22.) There, the plaintiff sued her bank when she was charged monthly fees for a "benefits package" she had never agreed to receive. *Diviacchi*, 2015 WL 3631605, at *3. The plaintiff did not realize that she was incurring these fees until nineteen years after they started, when she received a renewal notice regarding the benefits package. *Id.* The court found that each subsequent transfer was independently actionable:

> In the case at bar, the repeated transfers from plaintiff's bank account are independently actionable even though they all relate to plaintiff's July 1995 enrollment in the membership benefits package and the allegedly unknowing and invalid authorization of the charges. Each transfer constitutes a new harm above and beyond the prior harm of a prior transfer and it amounts to an independent violation of section 1693e. The transfers do not simply continue the initial effects of the first transfer and section 1693e violation that occurred no later than August 2000. Rather, each transfer is an independent violation of section 1693e because it is a new transfer that causes new harm to plaintiff in an amount, albeit only $4.00, "over and above" the prior transfers. Thus, even though the new transfer stems from the initial unknowing authorization in July 1995, it constitutes a new and independent violation because the new transfer is a required element of a section 1693e violation to recover for that transfer. Without a transfer, there is no section 1693e violation. The new transfer is also a new harm "over and above the harm" caused by the earlier transfers. Plaintiff may therefore bring a section 1693e claim for the discrete acts of the purportedly unauthorized transfers that took place within one year of the time plaintiff filed the complaint.

*Id.* at *10.

///

The Ninth Circuit has not decided whether subsequent transfers restart the statute of limitations, *Abrantes v. Fitness 19 LLC*, No. 116CV00903LJOSKO, 2017 WL 4075576, at *4 (E.D. Cal. Sept. 14, 2017), leaving this Court free to follow the most persuasive of the cases the parties have cited. The Court finds that the reasoning of *Diviacchi* to be the most persuasive opinion on point. Like the court in *Diviacchi*, this Court finds that each subsequent overdraft fee constituted an independent violation of the EFTA because each new overdraft fee is a required element of a section 1693e violation to recover for that transfer. *See Diviacchi*, 2015 WL 3631605, at *10. Given that the most recent of these fee assessments ostensibly occurred on July 23, 2015 (construing the facts in the light most favorable to Gunter), the statute of limitations does not bar Gunter's claim. Furthermore, United does not dispute Plaintiff's argument that each of the cases on which United relies involves recurring transfers, that is, a series of periodic (e.g., monthly) transfers authorized in one fell swoop. (ECF No. 106 at 22; ECF No. 116 at 5-8.) The Court agrees with Gunter that this case is different because "each fee required an independent determination that an overdraft has occurred." (ECF No. 106 at 23.)

### 2. Request to Narrow class

Having determined that the statute of limitations does not bar Gunter's claim, the Court will turn to United's request for the Court to narrow the class. United requests that the class be narrowed to "only members who opted in to United's Courtesy Pay program and were charged an overdraft fee after September 21, 2014." (ECF No. 99 at 11.) United reasons that the statute of limitations bars the claims of anyone who opted in to United's debit card overdraft service prior to September 21, 2014, because the act of opting in constitutes the actionable "violation" under 15 U.S.C. § 1693m(g). (*See id.* at 12.) In light of the foregoing analysis, the Court finds that it is improper to narrow the class as United requests. Individuals who opted in to United's overdraft service prior to September 21, 2014, may have incurred overdraft fees in violation of the EFTA within the year preceding the filing of the Complaint in this action. Accordingly, the Court will deny United's request.

///

7

## V. GUNTER'S CLASS NOTICE MOTION (ECF NO. 98)

Gunter proposes providing notice to all existing United customers and former customers who had a checking account with United since August 15, 2010. (ECF No. 98 at 3.) United argues, *inter alia*, that the notice plan is overinclusive in that it includes 67,538 individuals who are not primary account holders in addition to "[u]ntold numbers" of United members who have incurred overdraft fees but who are not members of either the Positive Balance Class or the Regulation E Class. (*See* ECF No. 105 at 10, 12-13.) The Court agrees that the notice plan as proposed is overinclusive and will deny Gunter's Class Notice Motion without prejudice on this basis.

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that United's Motion for Partial Summary Judgment (ECF No. 99) is denied.

It is further ordered that Gunter's motion to strike (ECF No. 108) is denied as moot.

It is further ordered that Gunter's motion regarding class notice (ECF No. 98) is denied without prejudice. The parties are instructed to work together to resolve disagreements about the class notice plan and file an amended motion to approve class notice within thirty (30) days of the date of this order.

It is further ordered that Gunter's motion for leave to file surreply (ECF No. 119) is granted.

It is further ordered that Gunter's motion to seal (ECF No. 109) is granted.

DATED THIS 7th day of September 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE