Gregory G. Gordon, State Bar No. 5334
ggordonltd@hotmail.com
GREGORY G. GORDON, LTD
871 Coronado Center Drive, Suite 200
Henderson, Nevada 89052
Telephone: (702) 363-1072
Facsimile: (702) 363-1084

Richard D. McCune (State Bar No. 132124)
rdm@mccunewright.com
MCCUNE WRIGHT AREVALO LLP
3281 East Guasti Road, Suite 100
Ontario, California 91761
Telephone: (909) 557-1250
Facsimile: (909) 557 1275

THE KICK LAW FIRM, APC
Taras Kick (State Bar No. 143379)
(Taras@kicklawfirm.com)
815 Moraga Drive
Los Angeles, California 90049
Telephone:   (310) 395-2988
Facsimile:    (310) 395-2088

Attorneys for Plaintiff
Tonya Gunter and the Certified Class

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| TONYA GUNTER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED FEDERAL CREDIT UNION, DOES 1-5, inclusive, and ROE CORPORATIONS 6-10 inclusive,<br><br>Defendants. | Case No.: 3:15-cv-00483-MMD-WGC<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND JUDGMENT**<br><br>Assigned to Judge Miranda M. Du<br><br>Date:              June 3, 2019<br>Time:             10:00 a.m.<br>Courtroom:     5 |

# [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

This Court granted preliminary approval of the Settlement Agreement and Release ("Settlement") on February 14, 2019. Due and adequate notice having been given to the Class Members, and the Court having considered the Settlement, all papers filed and proceedings had herein and all oral and written comments received regarding the Settlement, and having reviewed the record in this litigation, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1.      Unless otherwise provided, all terms used herein shall have the same meaning as provided in the Settlement.

2.      The Court has jurisdiction over the subject matter of this litigation and over the Parties to this litigation, including all Class Members.

3.      This Court previously found on September 25, 2017, on a contested motion for class certification, that the Classes meet all of the requirements for certification under the Federal Rules of Civil Procedure and applicable case law and certified the following classes:

> The "Sufficient Funds" class, which is comprised of those members of Defendant whose accounts were on the Miser System, and who received an overdraft fee on a transaction which resulted in a positive ledger balance between October 3, 2011 and September 30, 2018.

> The "Regulation E" class, which is comprised of those members of Defendant who opted in to the overdraft program, whose accounts were on the Miser System, and who were charged an overdraft fee on a debit transaction between August 15, 2010 and September 30, 2018.

(Docket Entry 94)

However, for purposes of the proposed settlement and the release which Defendant is to receive from this settlement and for purposes of final approval, for the "Regulation E" class, the release and class definition are narrowed only to include October 3, 2011 through September 30, 2018. No Regulation E claims prior to October 3, 2011, are being released.

4.      The Court appoints Named Plaintiff Tonya Gunter as the Class Representative.

5.      The Court approves Richard McCune of McCune Wright Arevalo LLP and Taras Kick of The Kick Law Firm, APC, as Class Counsel.

1

1     6.     The Court appoints Kurtzman Carson Consultants, LLC ("KCC") as the Claims

2   Administrator. The Claims Administrator shall be subject to the jurisdiction of the Court with respect to

3   the administration of the Settlement and shall comply with the terms of the Settlement.

4     7.     The Court finds that the distribution of the notice of the Settlement has been completed in

5   conformity with the Court's preliminary approval order, as evidenced by the Declaration of Lana

6   Lucchesi of the claims administrator KCC dated April 5, 2019. (Docket Entry 139.) The Court finds

7   that the notice was the best practicable under the circumstances and provided due and adequate notice of

8   the proceedings and of the terms of the Settlement. The Court finds that the notice fully satisfied the

9   requirements of due process. The Court also finds that all Class Members were given a full and fair

10  opportunity to participate in the Final Approval Hearing, all Class Members wishing to be heard have

11  been heard, and all Class Members have had a full and fair opportunity to exclude themselves from the

12  Class.

13    8.     The Court finds, as set forth in the Supplemental Declaration of Lana Lucchesi of KCC

14  of April 30, 2019 (Docket Entry 141), that only four members of the class have requested to be excluded

15  from the proposed settlement, and only one member of the class has objected. The four members who

16  have requested exclusion are excluded from the class. As listed in Exhibit A to the Supplemental

17  Declaration of Lana Lucchesi of claims administrator KCC (Docket Entry 142-4) they are: Davenport,

18  Jami L.; Rittmeyer, Beverly Reitz; Shrock, Delton E.; and, Zernia, Kristi. The Court finds that the

19  reaction of the Class to the Settlement was overwhelmingly favorable.

20    9.     The Court overrules the objection of the single objector Timothy Walker. Per the

21  Declaration and the Supplemental Declaration of Lana Lucchesi of KCC (Docket Entries 139 and 141),

22  99.54% of the 17,515 class members successfully received the notice ordered by this Court, and only

23  one class member has objected, meaning more than 99.99% of the class members have elected not to

24  object to any aspect of the settlement being presented to this Court. The number of class members that

25  object to a settlement may be considered in determining whether the settlement is fair, reasonable, and

26  adequate. *Mandujano v. Basic Vegetable Prods. Inc.*, 541 F.2d 832, 837 (9th Cir. 1976). "(A)bsence of

27  a large number of objections to a proposed class action raises a strong presumption that the terms of a

28  proposed class action settlement are favorable to the class members.'" *Bentacourt v. Advantage Human*

2

*Resourcing, Inc.*, 2016 U.S.Dist.LEXIS 10361, *10-11 (N.D. Cal. 2016). The objection itself does not specify any way in which the class relief is inadequate, and does not suggest a higher monetary number for which the case should have settled. This alone justifies overruling the objection: "[Objector] makes no showing of what [amount] would be sufficient or why. Such an unsupported objection cannot justify denial of approval." (*Smith v. CRST Van Expedited, Inc*. (S.D. Cal. 2012) 2012 U.S. Dist. Lexis 165913 *8.) Nonetheless, the Court addresses these issues. The monetary component of $1,750,000 of the proposed settlement represents approximately 91% of the recovery which Class Counsel believes would have been most likely in this case were Plaintiff to prevail in the case. This more than meets the range of proposed settlements for approval in the Ninth Circuit. Class Counsel also explain convincingly the issues in the Regulation E class which differ from the issues in the "sufficient funds" class. Additionally, there are improved disclosures as a result of this case which Defendant is required to keep in place for three years (Settlement Agreement, ¶2.) There were risks in continuing with the case, including a possible loss at trial which might have led to no recovery. Further, as pointed out by Defendant in its response to the sole objector (Docket Entry 140), the Defendant would argue the frequency of overdrafting by this sole objector would provide Defendant an additional defense against any recovery by this objector. This settlement being proposed was reached through arm's length negotiation in a mediation before the Honorable Morton Denlow (Ret.). The case was hard-fought by both sides, including a contested motion for class certification which this Court granted. (Docket Entry 94.) Finally, as discussed further in this Order, the fees sought are reasonable. The objection is overruled.

10.    The Court hereby grants final approval of the terms set forth in the Settlement and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and directs the parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of informed and non-collusive arm's-length negotiations. The Court further finds that the parties have conducted extensive investigation and research, and their attorneys were able to reasonably evaluate their respective positions.

11.    The Court finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks. The amount offered in settlement is reasonable in light of the

3

expense, complexity, risk, and likely duration of further litigation.

12.     The Settlement is not an admission by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant.  Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant.

13.     The Court finds the requested attorneys' fees of $833,000 to be reasonable.  Class Counsel had a lodestar as of the time of the filing of the Motion for Class Certification of $911,335. The hourly rates of the attorneys are reasonable and in line with prevailing market rates, and the hours worked are also reasonable.  Based on the contingent risk that counsel undertook in prosecuting this action with no guarantee of payment as well as the novelty and complexity of the action, as well as the excellent quality of Class Counsel's work and the result obtained for the class members, and the delay in getting paid, the attorneys' fee in this case to Class Counsel would warrant a positive multiplier be applied to the lodestar, yet the fee requested is actually approximately 9% less than the lodestar.  The requested fees are approved and this amount to be paid to Class Counsel from the Settlement Fund by the deadline specified in the Settlement.

14.     The Court further finds that the fee-sharing arrangement among class Counsel was disclosed to and approved by the Named Plaintiff.

15.     The Court further finds that the request for reimbursement of litigation costs in the amount of $86,500, as set forth and detailed in the declarations of Class Counsel, is reasonable based on the work necessary to achieve this favorable class settlement, and is to be paid to Class Counsel from the Settlement Fund by the deadline specified in the Settlement Agreement.

16.     The Court finds that Named Plaintiff Tonya Gunter assisted with the prosecution and litigation of the case, including producing documents, responding to written discovery, sitting for deposition, and having been willing to testify at trial.  The Court therefore awards a service award in the amount of $10,000 to be paid to Named Plaintiff Tonya Gunter from the Settlement Fund by the deadline specified in the Settlement Agreement.

17. The Court approves Public Citizen as the *cy pres* recipient of any residue in the Settlement Fund.

18. The Court approves payment of the Claims Administrator's fees and costs of up to $70,000 to be paid to the Claims Administrator from the Settlement Fund by the deadline specified in the Settlement Agreement.

19. Within 10 days of the date of this order, Defendant United Federal Credit Union shall distribute the Settlement Fund to the Claims Administrator, less amounts advanced to the Claims Administrator and less the total amount that will be credited to the Class Members by Defendant as provided in the Settlement Agreement, Section 8(d)(v)(1).

20. The Court retains jurisdiction over the Parties, Class Counsel, and the case to enforce the Settlement and the terms of this Judgment.

**IT IS SO ORDERED ADJUDGED AND DECREED.**

Reno, Nevada, June, __4__, 2019    _____
                                   Honorable Miranda M. Du
                                   United States District Judge

1  Gregory G. Gordon, State Bar No. 5334
   ggordonltd@hotmail.com
2  GREGORY G. GORDON, LTD
   871 Coronado Center Drive, Suite 200
3  Henderson, Nevada  89052
   Telephone:  (702) 363-1072
4  Facsimile:  (702) 363-1084

5  Richard D. McCune (State Bar No. 132124)
   rdm@mccunewright.com
6  MCCUNE WRIGHT AREVALO LLP
   3281 East Guasti Road, Suite 100
7  Ontario, California 91761
   Telephone:  (909) 557-1250
8  Facsimile:  (909) 557 1275

9  THE KICK LAW FIRM, APC
   Taras Kick (State Bar No. 143379)
10 (Taras@kicklawfirm.com)
   815 Moraga Drive
11 Los Angeles, California 90049
   Telephone:   (310) 395-2988
12 Facsimile:    (310) 395-2088

13 Attorneys for Plaintiff
14 Tonya Gunter and the Certified Class

15                **UNITED STATES DISTRICT COURT**

16              **FOR THE DISTRICT OF NEVADA**

17

18 | TONYA GUNTER, individually, and on | Case No.:  3:15-cv-00483-MMD-WGC |
   | behalf of all others similarly situated, | |
19 | | |
   | Plaintiff, | **CERTIFICATE OF SERVICE** |
20 | | |
21 |  v. | Assigned to Judge Miranda M. Du |
22 | UNITED FEDERAL CREDIT UNION, | |
   | DOES  1-5, inclusive, and ROE | |
23 | CORPORATIONS 6-10 inclusive, | |
24 | | |
   | Defendants. | |
25

26

27

28

## CERTIFICATE OF SERVICE

I certify that on June 3, 2019, I electronically filed the *[Proposed] Order Granting Final Approval of Class Action Settlement and Judgment* with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants in the above-referenced matter.

*/s/ Richard D. McCune*
Richard D. McCune

2

CERTIFICATE OF SERVICE
Case No.: 3:15-cv-00483-MMD-WGC